IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:18-cr-00863-CMC-2 |
| | ) | |
| v. | ) | |
| | ) | |
| NICOLE HALLIETT HOLLAND | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
NICOLE HALLIETT HOLLAND

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Nicole Halliett Holland ("Holland", "Defendant"), based upon the following:

1. On September 18, 2018, a multi-count Indictment was filed charging Holland with:

    Counts 8 and 11:   Wire fraud, in violation of 18 U.S.C. § 1343;

    Counts 19 and 22:  Mail fraud, in violation of 18 U.S.C. § 1341; and

    Count 25:          Conspiracy to commit mail fraud and wire fraud, in Violation of 18 U.S.C. §§ 1341, 1343 and 1349; and

    Count 26:          Theft of federal funds, in violation of 18 U.S.C. § 666.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Holland's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.

3. On November 1, 2018, Holland pled guilty to one count of wire fraud and

count of mail fraud and pursuant to a written plea agreement, agreed to the entry of a forfeiture judgment.

4. Based upon Defendant's conviction, the court has determined that $11,164.60 is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between this amount and the offense for which Holland has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Therefore, it is ORDERED that $11,164.60 is subject to forfeiture.

6. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

7. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Holland as a result of her violation of Title 18, United States Code, Sections 1341 and 1343 and that such substitute assets shall not exceed the value of the proceeds Defendant Holland obtained.

Accordingly, it is hereby **ORDERED,**

1. The above-described property, and all right, title, and interest of the Defendant, Nicole Halliett Holland, in and to such property, is hereby forfeited to the

United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.  FORFEITURE IS ORDERED against Holland and in favor of the United States for $11,164.60, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3.  The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4.  Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.  The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.  Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.  The court shall retain jurisdiction to enforce this Order and to amend it as

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 6, 2019

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 6, 2019